UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MILLER,

    Plaintiff,

v.

MARY VELARDE,
KARI CHESTER,
ROSILYN JINDAL, FARISZER,
ROWE,[1] JONES, and SNEAD,

    Defendants.
_____/

Case No. 2:23-cv-12117
Hon. Brandy R. McMillion

Mag. Judge Patricia T. Morris

**<u>ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 31) AND GRANTING IN PART DEFENDANTS VELARDE, FARSIZER, ROWE, JONES, AND SNEAD'S MOTION FOR SUMMARY JUDGMENT (ECF No. 17), GRANTING DEFENDANT JINDAL'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (ECF No. 23), AND GRANTING IN PART DEFENDANT CHESTER'S MOTION FOR SUMMARY JUDGMENT (ECF No. 28)</u>**

---

[1] As the Magistrate Judge's report and recommendation notes, Defendant Fariszer's name is correctly spelled as "Frazier" and Defendant Rowe's name is correctly spelled as "Roe." ECF No. 31, PageID.136 n.1. The Court further notes, however, that Defendant Kari Chester's last name is properly spelled as "Chesher." ECF Nos. 26, 27, and 28.

*Pro se* plaintiff Melvin Miller, a former prisoner of the Michigan Department of Corrections ("MDOC"),[2] brings this action against defendants Mary Velarde, Kari Chesher, Rosilyn Jindal, Frazier, Roe, Jones, and Snead. ECF No. 1. Miller alleges that, despite a medical accommodation for use of a bottom bunk (because of limitations on his use of his leg stemming from a gunshot wound), a group of corrections officers reassigned him to a top bunk, leading him to fall and hit his head on the concrete floor. *Id.* He further alleges that he was subsequently denied adequate medical treatment. *Id.* Miller's complaint alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment (and references a Michigan statute, Mich. Comp. Laws § 330.1722(1), and MDOC policy directive PD-03.04.100). *Id.*

On October 16, 2023, the Honorable Shalina D. Kumar referred all pretrial matters in this case to Magistrate Judge Patricia T. Morris. ECF No. 7. On December 26, 2023, Velarde, Frazier, Jones, Roe, and Snead moved for summary judgment on the basis that Miller failed to exhaust his administrative remedies regarding his claims against them. ECF No. 17. On January 25, 2024, Jindal moved

---

[2] When he filed his complaint, Miller was incarcerated "at the Lakeland Correctional Facility following his transfer from the Adrian Facility . . . ." ECF No. 1, PageID.6, ¶11. At some point, Miller was paroled; he is currently on parole in Georgia. Michigan Department of Corrections, *Offender Tracking Information System*, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=971208 (last visited June 12, 2024).

to dismiss Miller's complaint for failure to state a claim or, alternatively, for summary judgment for Miller's failure to exhaust his administrative remedies. ECF No. 23. And on February 20, 2024, Chesher moved for summary judgment, adopting the arguments in the motion of Velarde, Frazier, Jones, Roe, and Snead. ECF No. 28. Miller did not respond to any of the motions despite orders to do so. ECF No. 18, 24, 29.

On April 2, 2024, this case was reassigned from Judge Kumar to the undersigned. The Court then re-referred all pretrial matters to the Magistrate Judge, including the motions for summary judgment. ECF No. 30. On May 13, 2024, in a Report and Recommendation ("R&R"), the Magistrate Judge recommended that the Court grant in part the motion for summary judgment of Velarde, Frazier, Jones, Roe, and Snead; grant in part Chesher's motion for summary judgment; and grant Jindal's motion to dismiss or for summary judgment. ECF No. 31. At the end of the R&R, the Magistrate Judge advised the parties that to seek review of her recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.164-165.

As of the date of this order, June 12, 2024—30 days since the Magistrate Judge filed the R&R—neither party has filed objections to the R&R or contacted the Court to ask for more time to file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v.*

3

*Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Similarly, failure to object to an R&R forfeits any further right to appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely file objections to an R&R).

Accordingly, because neither party objected to the R&R, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of Defendants' motions (ECF No. 31) is **ADOPTED**.

**IT IS ORDERED** that Defendants Velarde, Frazier, Roe, Jones, and Snead's Motion for Summary Judgment (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART**. Miller's claims against Velarde, in their entirety, are **DISMISSED WITHOUT PREJUDICE**. Summary judgment on the basis of exhaustion is **DENIED** with respect to Miller's claims against Frazier, Roe, Jones and Snead related to Miller's grievance for transfer to a top bunk in contravention of his medical detail.

**IT IS FURTHER ORDERED** that Defendant Jindal's Motion to Dismiss or, Alternatively, for Summary Judgment (ECF No. 23) is **GRANTED**. Miller's claims against Jindal, in their entirety, are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Chesher's Motion for Summary Judgment (ECF No. 28) on the basis of exhaustion is **DENIED** with respect to Miller's claims against Chesher related to Miller's grievance for transfer to a top bunk in contravention of his medical detail.

**IT IS FURTHER ORDERED** that Miller's claim that each Defendant subjected him to cruel and unusual punishment in violation of the Eighth Amendment by assigning him to a cell that he could only access by climbing a flight of stairs is **DISMISSED WITHOUT PREJUDICE**.

As a result of this Order, the only claims remaining are Miller's claims against Frazier, Roe, Jones, Snead, and Chesher alleging that these defendants violated Miller's Eighth Amendment rights by assigning him to a top bed bunk.

**IT IS SO ORDERED.**

Dated: June 12, 2024                                                    s/Brandy R. McMillion
                                                                        Hon. Brandy R. McMillion
                                                                        United States District Judge