UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MILLER,

    Plaintiff,

v.

ROBERT FRAZIER, et. al.,

    Defendants.
_____/

Case No. 2:23-cv-12117
Hon. Brandy R. McMillion

Mag. Judge Patricia T. Morris

## OPINION AND ORDER ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 40), DISMISSING CASE FOR FAILURE TO PROSECUTE, AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS (ECF NO. 37)

Pending before the Court is the prisoner's civil rights case brought by *pro se* Plaintiff Melvin Miller, a former prisoner of the Michigan Department of Corrections ("MDOC")[1] against Defendants Robert Frazier, Tyler Roe, Jennifer Jones, Kari Chesher, and Brandon Snead (collectively, "Defendants").[2]  *See*

---

[1] When he filed his complaint, Miller was incarcerated "at the Lakeland Correctional Facility following his transfer from the Adrian Facility . . . ." ECF No. 1, PageID.6, ¶11. At some point, Miller was paroled; he is currently on parole in Georgia. Michigan Department of Corrections, *Offender Tracking Information System*, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=971208 (last visited March 15, 2025).

[2] Miller originally named RN Mary Velarde and PA Rosilyn Jindal but both were dismissed as Defendants on June 12, 2024. *See* ECF No. 32.

1

*generally* ECF No. 1.  Miller alleges that, despite a medical accommodation for use of a bottom bunk (because of limitations on his use of his leg stemming from a gunshot wound), a group of corrections officers reassigned him to a top bunk, leading him to fall and hit his head on the concrete floor.  *Id.*  He further alleges that he was subsequently denied adequate medical treatment.  *Id.*  Miller's complaint alleges a violation of the Eighth Amendment prohibition against cruel and unusual punishment (and references a Michigan statute, Mich. Comp. Laws § 330.1722(1), and MDOC policy directive PD-03.04.100).  *Id.*

On November 26, 2024, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) arguing that Miller refused to cooperate with discovery and despite multiple attempts failed to appear for his deposition.  *See* ECF No. 37, PageID.191-193.  Defendants request that this matter be dismissed with prejudice as a sanction for Miller's bad faith and the prejudice they suffer as a result of Miller preventing them from filing a motion for summary judgment.  *Id*. at PageID.194-195.  On November 27, 2024, the Court ordered Miller to Show Cause why this case should not be dismissed for failure to prosecute.  *See* ECF No. 39.[3]  The Show Cause Order instructed Miller to respond in writing on or before February 3, 2025.  *Id*. at PageID.227.  Miller never responded.

---

[3] The Show Cause Order was issued by Magistrate Judge Patricia T. Morris who has been referred the case for all pretrial matters.  *See* ECF No. 30.

On February 20, 2025, in a Report and Recommendation ("R&R"), Magistrate Judge Morris recommended that the Court *sua sponte* dismiss this case without prejudice for failure to prosecute and deny as moot Defendants' Motion to Dismiss (ECF No. 37). *See* ECF No. 40. At the end of the R&R, the Magistrate Judge advised the parties that to seek review of her recommendation, they had to file specific objections with the Court within 14 days of service of the R&R. *Id.* at PageID.233-234.

As of the date of this order, March 20, 2025—28 days since the Magistrate Judge filed the R&R—neither party has filed objections to the R&R or contacted the Court to ask for more time to file objections. The failure to object to an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987) (explaining that a party's failure to timely object to a report and recommendation allows a court to accept the recommendation "without expressing any views on the merits of the magistrate's conclusions"). Similarly, failure to object to an R&R forfeits any further right to appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (recognizing that a party forfeits their right to appeal by failing to timely file objections to an R&R).

3

Accordingly, because neither party objected to the R&R, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition in the R&R (ECF No. 40) is **ADOPTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Consequently, Defendants' Motion to Dismiss (ECF No. 37) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: March 20, 2025                           s/Brandy R. McMillion
                                                Hon. Brandy R. McMillion
                                                United States District Judge